UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **KERRY PETTUS,** | ) |
| | ) |
|     **Movant,** | ) |
| | ) |
| v. | )    No. 3:18-cv-00736 |
| | )    Judge Trauger |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
|     **Respondent.** | ) |

**MEMORANDUM AND ORDER**

Pending before the court is pro se movant Kerry Pettus's motion under 28 U.S.C. § 2255 (Doc. No. 1) to vacate, set aside, or correct a sentence previously imposed by this court. *See United States v. Pettus*, No. 3:10-cr-00163-8, Doc. No. 1489 (M.D. Tenn. Mar. 20, 2012) [hereinafter cited as "Crim. Doc. No. ___"]. The movant challenges the constitutionality of his conviction under 18 U.S.C. § 924(c). (Doc. No. 1 at 2.) The government filed a response arguing that the movant is not entitled to relief for several reasons, including that the movant waived the right to bring this Section 2255 motion in the plea agreement. (Doc. No. 4 at 5–8.) Since the parties filed briefs, however, the Supreme Court held that Section 924(c)'s residual clause is unconstitutionally vague in *Davis v. United States*. 139 S. Ct. 2319, 2336 (2019). Thus, as explained below, the government will be directed to file a supplemental response stating whether it still seeks to enforce the plea agreement's waiver provisions to bar consideration of the movant's Section 2255 motion.

**I.    Background**

In December 2011, the movant pleaded guilty to the following two counts of an eight-count superseding indictment: (1) conspiracy to participate in racketeering activity, in violation of 18 U.S.C. § 1962(d); and (2) possession of a firearm in furtherance of a crime of violence, in violation

of 18 U.S.C. § 924(c). (Crim. Doc. No. 1488 ¶¶ 1, 3.) Under a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rule of Criminal Procedure, the government agreed to request dismissal of the remaining six counts, and the parties agreed that the movant's sentence would include a total term of 240 months' imprisonment—180 months on the racketeering conspiracy count, and 60 consecutive months for violating Section 924(c). (*Id.* ¶¶ 10(c), 11.) In March 2012, the court accepted the plea agreement and entered judgment accordingly. (Crim. Doc. Nos. 1481, 1489.)

## II.    Analysis

As relevant here, Section 924(c) criminalizes the possession of a firearm "in furtherance of" a "crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute "define[s] the term 'crime of violence' in two subparts—the first known as the elements clause, and the second the residual clause." *Davis*, 139 S. Ct. at 2324. Under the elements clause, a "crime of violence" must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). And under the residual clause, a "crime of violence" must "by its nature, involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B).

In the Section 2255 motion, the movant's sole claim is that racketeering conspiracy—the predicate offense for the movant's Section 924(c) conviction—is not a "crime of violence" because it does not qualify under the elements clause and because the residual clause is unconstitutional. (Doc. No. 1 at 2–3.) In support of his residual clause argument, the movant primarily relies on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), a Supreme Court decision "striking down" the residual clause of "a different, almost identically worded statute." *Davis*, 139 S. Ct. at 2325. This reliance on *Dimaya* makes sense, given that the movant filed the Section 2255 motion within four months of *Dimaya* and prior to *Davis*. 138 S. Ct. 1204; (Doc. No. 1 at 8.)

2

The government argues that the Section 2255 motion should be denied for four reasons: (1) *Dimaya* is not retroactive to cases on collateral review involving Section 924(c)'s residual clause (Doc. No. 4 at 1); (2) the movant waived the right to file this Section 2255 motion in the plea agreement (*id.* at 5–8); (3) Section 924(c)'s residual clause is not unconstitutionally vague under binding Sixth Circuit precedent (*id.* at 4 (citing *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016)); and (4) considering the movant's underlying conduct using a case-specific approach, rather than categorical approach, the predicate offense for the movant's Section 924(c) conviction qualifies as a "crime of violence"[1] (*id.* at 8–14).

Three of these rationales are rendered moot by *Davis*. First, regardless of *Dimaya*, the Sixth Circuit has held that *Davis* is retroactive. *In re Franklin*, 950 F.3d 909, 911 (6th Cir. 2020). Second, the Sixth Circuit's relevant holding in *Taylor* was abrogated by *Davis*. *See Manners v. United States*, 947 F.3d 377, 379 (6th Cir. 2020) (recognizing that *Davis* abrogated *Taylor*'s holding that Section 924(c)(3)'s residual clause was not unconstitutionally vague). And third, the law is clear that courts must use "a categorical approach to determine whether an offense constitutes a crime of violence for purposes of § 924(c)(3)." *Id.* (internal citation and quotation marks omitted).

That leaves the government's waiver argument. Given the legal developments discussed above, the government will be directed to file a supplemental response stating whether it still seeks to enforce the plea agreement's waiver provisions to bar consideration of the movant's Section 2255 motion.

---

[1] The government also seems to argue that, even under a categorical approach, the movant's predicate offenses include not just his racketeering conspiracy conviction, but also a dismissed count charging him with conspiracy to commit murder in aid of racketeering. (Doc. No. 4 at 13.) And it is unclear whether the government is arguing that these offenses qualify as "crimes of violence" under the elements clause or the residual clause of Section 924(c)(3). (*See id.* at 13–15.) The government may clarify these arguments in its supplemental response, if it so chooses.

3

### III. Supplemental Briefing Schedule

The government shall file a supplemental response to the movant's Section 2255 motion within **30 DAYS** of the date this order is entered on the docket. In doing so, the government must state whether it still seeks to enforce the plea agreement's waiver provisions to bar consideration of the Section 2255 motion.

If the government continues to maintain that the movant is not entitled to relief in its supplemental response, the movant may file an optional reply. Any reply must be filed within **30 DAYS** of the date the supplemental response is filed, and it must be limited to disputing specific points of fact or law raised by the supplemental response.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge