# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **KERRY PETTUS,** | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 3:18-cv-00736 |
| | ) Judge Trauger |
| **UNITED STATES OF AMERICA,** | ) |
| Respondent. | ) |

## MEMORANDUM

Pending before the court is Kerry Pettus's pro se motion under 28 U.S.C. § 2255 (Doc. No. 1) to vacate, set aside, or correct a sentence previously imposed by this court. *See United States v. Pettus*, No. 3:10-cr-00163-8, Doc. No. 1489 (M.D. Tenn. Mar. 20, 2012) [hereinafter cited as "Crim. Doc. No. ___"]. The movant asserts a single claim challenging the constitutionality of his conviction under 18 U.S.C. § 924(c). (Doc. No. 1 at 2.) At the court's direction, the government filed a supplemental response in light of the Supreme Court's decision in *Davis v. United States*, 139 S. Ct. 2319 (2019). (Doc. No. 10.) The court then appointed counsel for the movant, and counsel filed a reply. (Doc. No. 16.) As explained below, the motion to vacate will be granted.

## I.    Background

The movant pleaded guilty to the following two counts of a superseding indictment charging him with eight counts: Count One, conspiracy to participate in racketeering activity ("RICO conspiracy"), in violation of 18 U.S.C. § 1962(d); and Count Nine, possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). (Crim. Doc. No. 397-6 (superseding indictment); Doc. No. 16-2 ¶¶ 1, 3 (plea agreement).) The two predicate "crimes of violence" specified in Count Nine were the RICO conspiracy charged in Count One, and

conspiracy to commit murder in aid of racketeering ("VICAR conspiracy"), in violation of 18 U.S.C. § 1959(a)(5), charged in Count Eight and expressly incorporated into Count Nine. (Crim. Doc. No. 397 at 44–45; Doc. No. 16-2 ¶ 8.)

Under a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government agreed to request dismissal of the remaining six counts, and the parties agreed that the movant's sentence would include a total term of 240 months' imprisonment—180 months for Count One and 60 consecutive months for Count Nine. (Crim. Doc. No. 1489 at 1 (judgment); Doc. No. 16-2 ¶¶ 10(c), 11.) The plea agreement also included a waiver of certain appellate rights, discussed in more detail below. (*See* Doc. No. 16-2 ¶ 18.) The court accepted the agreement and entered judgment accordingly. (Crim. Doc. No. 1489.) The movant did not appeal.

The movant filed a pro se Section 2255 motion arguing that his Section 924(c) conviction must be vacated because it does not rest on a predicate offense that qualifies as a crime of violence. (Doc. No. 1 at 2.) Specifically, the movant argues that the residual clause of Section 924(c) is void for vagueness (*id.* at 3), and that his predicate offenses are conspiracy crimes that do not satisfy the elements clause of Section 924(c) (*id.* at 6).

## II.     Analysis

The government does not directly contest the merits of the movant's underlying claim but argues that the motion to vacate should be denied for two reasons: it is barred by the waiver provision in the plea agreement (Doc. No. 10 at 4–15), and the movant's claim is procedurally defaulted (*id.* at 15–20). The court is not persuaded by either argument.

### A.     Waiver

The government contends that the appellate waiver provision in the plea agreement unambiguously bars this motion to vacate and is enforceable. (Doc. No. 10 at 4.) As in other recent

2

cases interpreting functionally identical waiver language, the court concludes that the waiver does not bar this motion, so it is unnecessary to address whether the waiver is otherwise unenforceable.

The waiver provision provides as follows:

> Regarding the issue of guilt, the defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, . . . the defendant knowingly waives the right to appeal any sentence that is 240 months. The defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 . . . . However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel.

(Doc. No. 16-2 ¶ 18.)

This waiver clearly distinguishes between the movant's *conviction* and his *sentence*, and it does not bar a collateral attack to a *conviction*. At least three times in the last several months, this court has concluded that functionally identical waiver language does not bar motions to vacate challenging convictions under Section 924(c). *See Hall v. United States of America*, No. 3:20-cv-00646, 2021 WL 119638, at *4–5 (M.D. Tenn. Jan. 13, 2021); *Lee v. United States of America*, 2020 WL 7425862, at *4–6 (M.D. Tenn. Dec. 18, 2020); *Serrano v. United States of America*, 2020 WL 5653478, at *10–12 (M.D. Tenn. Sept. 23, 2020). The court adopts the reasoning set forth in those opinions, which in turn relied in part on a Sixth Circuit order in *In re Brooks*, No. 19-6189, 2020 U.S. App. LEXIS 6371 (6th Cir. Feb. 28, 2020).

*Brooks*, in short, explained that a defendant could file a motion to vacate challenging his *conviction*—including a Section 924(c) conviction—where he had waived the right to file a motion to vacate challenging his *sentence*. *Id.* at *3 (citing *United States v. Spear*, 753 F.3d 964, 970 (9th Cir. 2014)). Here, as in *Brooks* and this court's trio of cases applying it, the movant "knowingly

3

waive[d] the right to challenge the *sentence* imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255." *Compare* (Doc. No. 16-2 ¶ 18 (emphasis added)), *with Brooks*, 2020 U.S. App. LEXIS 6371, at *2, *Hall*, 2021 WL 119638, at *5, *Lee*, 2020 WL 7425862, at *4, *and Serrano*, 2020 WL 5653478, at *10. And because the movant is challenging his Section 924(c) conviction, rather than his sentence, *Brooks*' rationale is fully applicable here. The court therefore concludes that the appellate waiver provision of the movant's plea agreement does not bar this motion to vacate.

### B. Procedural Default

Next, the government contends that the motion to vacate should be denied because the movant procedurally defaulted his claim. (Doc. No. 15 at 10.) "It is well-established that a § 2255 motion 'is not a substitute for a direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). "[C]laims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is 'actually innocent' of the crime." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). The court agrees that the movant procedurally defaulted the challenge to his Section 924(c) conviction, but it concludes that he has established cause and prejudice to excuse this default. The court, therefore, need not address the actual innocence exception.

First, the movant argues that he can show cause for failing to previously raise a vagueness challenge to his Section 924(c) conviction. (Doc. No. 16 at 4.) "[A] criminal defendant has cause for failing to raise a claim when, at the time of default, the claim had been expressly foreclosed by a precedent of the Supreme Court that the Court later 'explicitly overrule[s].'" *Gatewood v. United States*, 979 F.3d 391, 397 (6th Cir. 2020) (quoting *Reed v. Ross*, 468 U.S. 1, 17 (1984)). The Sixth

Circuit recently explained that, in 2007, the Supreme Court foreclosed the type of vagueness challenge raised here. *See id.* (citing *James v. United States*, 550 U.S. 192, 210 n.6 (2007), and *Sykes v. United States*, 564 U.S. 1, 15–16 (2011)). And that claim remained foreclosed until it was explicitly overruled in 2015 by *Johnson v. United States*, 576 U.S. 591 (2015).

Here, the movant was sentenced in March 2012. (*See* Crim. Doc. No. 1489.) Thus, according to the Sixth Circuit, the default of the claim raised here occurred within the window of time—2007 to 2015—during which the movant had "no reasonable basis" to argue it. *Gatewood*, 979 F.3d at 397 (collecting cases from the First, Ninth, and Eleventh Circuits). Accordingly, the movant has demonstrated cause.

Second, "[h]aving shown cause, [the movant] must then show that he has been actually prejudiced." *Napier v. United States*, 159 F.3d 956, 961 (6th Cir. 1999). That is, the movant must show that an error that "worked to his *actual* and substantial disadvantage." *Id.* at 962 (quoting *Frady*, 456 U.S. at 170). At least twice recently, this court has concluded that a movant demonstrated actual prejudice to excuse the default of an otherwise meritorious *Davis* claim where the challenged Section 924(c) conviction necessarily resulted in a longer term of incarceration. *See Lee*, 2020 WL 7425862, at *7; *Serrano*, 2020 WL 5653478, at *8–10. Here, likewise, the movant received a mandatory sentence of 60 consecutive months' imprisonment for his Section 924(c) conviction. Accordingly, the movant has also demonstrated actual prejudice.

Arguing to the contrary, the government contends that the movant was not actually prejudiced because he "likely agreed to the terms of the plea agreement . . . to avoid the exposure of [other dismissed counts], and there is no indication that [he] would not have agreed to the same sentence based on convictions for other charges." (Doc. No. 10 at 18–19.) Addressing this argument in another recent case, however, this court stated that it "is not persuaded that the type

5

of speculative inquiry the government envisions is warranted." *Hall*, 2021 WL 119638, at *7 (footnote omitted); *see also Serrano*, 2020 WL 5653478, at *9–10 (rejecting the same argument raised here); *Oliver v. United States*, 470 F. Supp. 3d 756, 759 (M.D. Tenn. 2020) (Crenshaw, J.) ("[T]he Court is hesitant to use the Factual Basis to revive counts that the Government agreed to dismiss. Otherwise, it would be possible for the Court to retroactively find [the movant] guilty of several crimes that he did not agree to plead guilty to."). The court remains unpersuaded.

Because the movant has demonstrated cause and actual prejudice to excuse the procedural default of his claim, the court will consider the claim's merits.

### C. Merits

As relevant here, Section 924(c) criminalizes the possession of a firearm "in furtherance of" a "crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute "define[s] the term 'crime of violence' in two subparts—the first known as the elements clause, and the second the residual clause." *Davis*, 139 S. Ct. at 2324. In *Davis*, the Supreme Court held that the residual clause is unconstitutionally vague. 139 S. Ct. at 2336. Thus, for the movant's Section 924(c) conviction to remain valid, it must rest on one or more predicate offenses that qualify as crimes of violence under the elements clause.

Under the elements clause, an offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The court "use[s] a 'categorical approach' to determine whether an offense constitutes a 'crime of violence' for purposes of § 924(c)(3)." *Manners v. United States*, 947 F.3d 377, 379 (6th Cir. 2020) (quoting *United States v. Rafidi*, 829 F.3d 437, 444 (6th Cir. 2016). This approach "focuses on the statutory definition of the offense, rather than the manner in which an

offender may have violated the statute in a particular circumstance." *Id.* (quoting *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013)).

Here, the two predicate offenses for the movant's Section 924(c) conviction were RICO conspiracy and VICAR conspiracy.[1] This court recently concluded that RICO conspiracy does not qualify as a crime of violence under the elements clause. *See Serrano*, 2020 WL 5653478, at *15 (collecting cases from several district courts and the Fifth, Ninth, and Eleventh Circuits). The same is true of VICAR conspiracy. *See Bonilla v. United States*, No. 07-CR-0097, 2020 WL 489573, at *3 (E.D.N.Y. Jan. 29, 2020) ("Because conspiracy under § 1959(a)(5) only requires that an agreement be made to commit murder in furtherance of racketeering, it does not have 'as an element the use, attempted use, or threatened use of physical force.'"); *see also United States v. McCollum*, 885 F.3d 300, 308–09 (4th Cir. 2018) (holding that VICAR conspiracy is not categorically a "crime of violence" for the purpose of applying a sentence enhancement under the United States Sentencing Guidelines); *United States v. Reece*, 938 F.3d 630, 636 (5th Cir. 2019) (explaining, in the course of holding that conspiracy to commit bank robbery does not qualify as a crime of violence under the elements clause, that "conspiracy is a crime distinct from the crime that is the objective of the conspiracy," and that it is "irrelevant" whether "the object crime of the conspiracy constituted a [crime of violence]").

In sum, the residual clause of Section 924(c) is unconstitutional, and neither predicate offense qualifies as a crime of violence under the elements clause. Accordingly, the motion to vacate the movant's Section 924(c) conviction will be granted and that conviction will be set aside.

---

[1] Although the VICAR conspiracy count was dismissed as part of the movant's plea agreement, the Section 924(c) count to which the movant pleaded guilty expressly incorporated the VICAR conspiracy count, and "[c]ourts recognize that § 924(c) does not require that the defendant be convicted of, or even charged with, the underlying crime of violence." *See Hall*, 2021 WL 119638, at *7 n.6 (citing *United States v. Smith*, 182 F.3d 452, 457 (6th Cir. 1999)).

### D. Remedy

The government requests that, if the court finds that the movant is entitled to relief, the court "proceed[] to a plenary resentencing" and "give great weight to the parties' previous agreement that 240 months was the appropriate total sentence of [the movant's] actions, including all of the conduct that gave rise to the Counts that were dismissed at sentencing." (Doc. No. 10 at 8–9 n.3.) But the court has broad discretion "to grant relief in one of four forms 'as may appear appropriate' when a motion [to vacate] is found to be meritorious: discharge the prisoner, resentence the prisoner, grant a new trial, or correct the sentence." *Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013) (citing 28 U.S.C. § 2255(b)). Here, the court finds that a new sentencing hearing is not necessary and exercises its discretion to correct the sentence by removing the 60 consecutive months of imprisonment imposed for the movant's vacated Section 924(c) conviction. All other aspects of the sentence will remain unchanged.

### III. Conclusion

For these reasons, the movant's Section 2255 motion (Doc. No. 1) will be granted and his Section 924(c) conviction will be set aside.

An appropriate order is filed herewith.

                                             _____
                                             ALETA A. TRAUGER
                                             United States District Judge

8

Case 3:18-cv-00736   Document 17   Filed 02/02/21   Page 8 of 8 PageID #: 211